**880**

John P. MODDERNO and Modern-Lab., Incorporated, Plaintiffs,

v.

Edwin L. REYNOLDS, Acting Commissioner of Patents, Defendant.

Civ. A. Nos. 329-64, 330-64.

United States District Court
District of Columbia.

March 11, 1965.

———◇———

Donald D. Denton, Washington, D. C., for plaintiffs.

Clarence W. Moore, Solicitor, Washington, D. C., for defendant.

JACKSON, District Judge.

These civil actions came on to be heard October 22, 1964. When plaintiffs had completed presentation of their evidence, defendant moved that both actions be dismissed on the ground that the plaintiffs had shown no right to relief. The Court thereupon granted defendant's motion.

Pursuant to Rule 52, Federal Rules of Civil Procedure, the Court sets forth its Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

1. These are consolidated actions under Section 145 of Title 35 of the United States Code in which the plaintiffs, John P. Modderno and Modern-Lab., Incorporated, sought to have the Court adjudge that the said John P. Modderno is entitled to receive a patent on his application Serial No. 836,258, containing claims 2, 3, 4, 5 and 17 thereof.

2. The claims in the identified applications relate to pressurized dispensing containers. In application Serial No. 836,216, the outer container of the dispenser is provided with two flexible inner containers hermetically sealed together to form a compartment for a pressure-producing medium. In application Serial No. 836,258, the outer container of the dispenser is provided with a preformed pliant collapsible inner container having an inner layer of a polyester and an outer layer of a heat-sealable polyolefin.

3. Claims 1, 17 and 18 of application Serial No. 836,216 were held by the Patent Office tribunals to be unpatentable in view of a United States patent to Leperre, No. 2,564,163, and a British patent to Taggart, No. 740,635. Claim 20 of that application was held unpatentable in view of the Leperre and Taggart patents taken with a United States patent to Ramsey, No. 2,778,534. Claim 11 was held unpatentable in view of the Leperre and Taggart patents taken with a United

States patent to Masury, No. 1,936,848. Claims 2, 3, 4, and 17 of application Serial No. 836,258 were held to be unpatentable in view of a United States patent to Thomas, No. 2,889,078, taken with the Taggart patent. Claim 5 was held unpatentable over Thomas in view of Taggart and the aforementioned Ramsey patent.

4. At the trial, plaintiffs presented no evidence respecting the refusal of the Patent Office to allow the claims in suit.

5. Plaintiffs indicated at the trial that they were not prepared to present evidence respecting the refusal of the Patent Office to allow the claims in suit.

## CONCLUSIONS OF LAW

1. In an action under 35 U.S.C. § 145, it is settled that, on a factual issue of obviousness under 35 U.S.C. § 103, the Patent Office finding must be accepted if it is consistent with the evidence, the Patent Office being an expert body pre-eminently qualified to determine questions of this kind.

2. In an action under 35 U.S.C. § 145, seeking review of a Patent Office finding of obviousness under 35 U.S.C. § 103, the plaintiffs must, in order to prevail, present evidence showing that the Patent Office finding is not consistent with the evidence.

3. At the trial of these actions, the plaintiffs, upon the completion of the presentation of their evidence, had not on the facts and the law shown a right to relief.

4. The plaintiff, John P. Modderno, is not entitled to a patent including claims 1, 11, 17, 18 and 20 of his application Serial No. 836,216, and he is not entitled to a patent including claims 2, 3, 4, 5 and 17 of his application, Serial No. 836,258.

5. The actions should be dismissed.